EOD 1-28-00

FILED-CLERK 
U.S. DISTRICT COURT

00 JAN 26 AM 9: 30

TX EASTERN-BEAUMONT

BY Brenda Carter

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| (1) Ethan Shaw and<br>(2) Clive D. Moon, on behalf<br>  of themselves and all others<br>  similarly situated<br><br>vs.<br><br>(1) Toshiba America Information<br>    Systems, Inc.,<br>(2) NEC Electronics, Inc.,<br>(3) Toshiba Corporation,<br>(4) Toshiba America, Inc.,<br>(5) Toshiba America Electronic<br>    Components, Inc., and<br>(6) NEC Corporation | §§§§§§§§§§§§§§§ | No. 1:99CV0120<br>Jury Demanded<br><br><br><br>Settlement Class Action Complaint<br>for Equitable Relief and Monetary<br>Damages |

## ORDER ON OBJECTIONS OF CERTAIN OBJECTORS

On January 19, 2000 this Court commenced the Fairness Hearing in the above-referenced matter to, among other things, address any and all objections properly presented to this Court to the proposed settlement of this cause. The hearing continued until the Court adjourned the hearing on January 20, 2000.

The Court makes the following findings and rulings with respect to objections asserted by certain objectors; Ms. Dawn L. Phillips Hertz, Peter C. Bruce, Susan Schoultheis, Albert Franklin Childress, William Smith, Nicholas Namich, J. Clark Poling, Lawrence Smith, James T. Hutcherson, Robert C. LaMont, John Ziolkowski, Joram J. Aris, and Rosario A. Fiorani; who filed objections with this Court, but did not appear at the Fairness Hearing:

1. The Court, in its October 28, 1999 order *Conditionally Certifying the Settlement Class, Preliminarily Approving the Settlement and Settlement Agreement and Protecting the*

325

*Court's Jurisdiction*, established a set of requirements for objections filed with the Court. The order provided that each filing had to contain (1) a statement of each objection asserted and a detailed description of the facts underlying each objection, (2) a detailed description of the legal authorities underlying each objection, (3) a statement of whether the objector intended to appear and argue at the fairness hearing, (4) a list of witnesses whom the objector would call by live testimony, oral deposition testimony, or affidavit during the fairness hearing, and (5) a list of the exhibits that an objector might offer during the fairness hearing, along with copies thereof. The Court's order also stated that any objector who **did not file objections properly** and timely or failed to serve them on counsel of record would not be heard during the fairness hearing **or have the objections considered** by the Court [*emphasis added*].

2. The Court finds that each of the above-referenced objectors; Ms. Dawn L. Phillips Hertz, Peter C. Bruce, Susan Schoultheis, Albert Franklin Childress, William Smith, Nicholas Namich, J. Clark Poling, Lawrence Smith, James T. Hutcherson, Robert C. LaMont, John Ziolkowski, Joram J. Aris, and Rosario A. Fiorani; failed to meet one or more of the requirements for properly filing objections addressed in the Court's October 28, 1999 order, and therefore, as each of these objectors has failed to comply with the requisite provisions for the Court's consideration of the objections asserted by each of these objectors, their objections are not entitled to consideration by this Court and their objections are hereby overruled in all respects.

3. Subject to the Court's ruling in section 2 above, as an alternative holding and in the exercise of this Court's functions under Fed. R. Civ. P. 23, the Court did separately consider the objections raised by each of the above-referenced objectors and hereby in all things overrules all of the objections asserted by the following objectors for failure to present a meritorious objection: Ms. Dawn L. Phillips Hertz, Peter C. Bruce, Susan Schoultheis, Albert Franklin Childress, William

Smith, Nicholas Namich, J. Clark Poling, Lawrence Smith, James T. Hutcherson, Robert C. LaMont, John Ziolkowski, Joram J. Aris, and Rosario A. Fiorani.

4. The Court further finds that objectors William Smith and Nicholas Namich failed to provide this Court or counsel with address or phone number information as required by Fed. R. Civ. P. 11, which constitutes separate and independent grounds for overruling the objections of Willam Smith and Nicholas Namich.

SIGNED this the 25th day of January, 2000.

_____
UNITED STATES DISTRICT JUDGE